**Robert S. McCASLIN and Beverly McCaslin, Appellants,**

v.

**INSURANCE COMPANY OF The STATE OF PENNSYLVANIA, Appellee.**

No. 49S02–9301–CV–14.

Supreme Court of Indiana.

Jan. 7, 1993.

W.F. Conour, Rex E. Baker, Conour Doehrman, Indianapolis, for appellants

Steven A. Johnson, Spangler, Johnson & Associates, Merrillville, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

In an opinion reported at 597 N.E.2d 964, the Court of Appeals reversed the dismissal of the McCaslins' motion for proceedings supplemental against garnishee-defendant Insurance Company of the State of Pennsylvania. The McCaslins sought to attach the personal trucking liability policy of truck driver Phillip Cambe issued by Pennsylvania. Previously the McCaslins had obtained judgments against Cambe and Underwood in the aggregate amount of $3,750,000. Underwood's insurer, the Protective & Lexington Insurance Companies, paid the McCaslins the limit of its policy in the amount of $2,000,000. Thus there remained unsatisfied the amount of $1,750,-000.

The undisputed facts are: On Friday, September 9, 1988, truck driver Phillip Cambe was operating his tractor-trailer rig under a lease agreement with Underwood Machinery Transport, Inc. Cambe picked up a machine in Illinois for delivery in Greenwood, Indiana. After delivering the machine, Cambe obtained a release number terminating his lease trip and began to drive his empty tractor-trailer rig to his home in Valparaiso, Indiana for the weekend. He was not required to contact the Underwood dispatcher for a new assignment until the following Monday morning.

On the trip home, Cambe's truck collided with a pick-up truck driven by Robert McCaslin. McCaslin suffered severe permanent injuries as a result of the accident. The next day Cambe reported the collision to Underwood. On the following Monday, September 12, 1988, Cambe reported the collision to the insurance agency that sold the Pennsylvania policy and also to Transportation Services, Inc., his insurance company clearing house. After collecting the $2,000,000 policy limits under Underwood's policy, the McCaslins, on January 29, 1991, filed the present motion for proceedings supplemental seeking to attach and execute against Cambe's personal trucking liability insurance policy issued by Pennsylvania, which had a policy limit of $500,000. Cambe assigned his rights in the Pennsylvania policy to the McCaslins. The trial court dismissed the McCaslins' motion for proceedings supplemental.

The Court of Appeals, following its decision in *Rediehs Express, Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, reversed the trial court on the theory that Underwood was liable because they were the lessee company operating under an ICC permit in interstate commerce and that Pennsylvania also was liable because Cambe was on a "bob-tail" trip—operating on his own and not under the auspices of Underwood when the accident occurred. It is true that under *Transamerican Freight Lines, Inc. v. Brada Miller Freight Sys., Inc.* (1975), 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 and other cases cited in *Rediehs*, a lessee operating under an ICC permit is liable when the truck involved is operating under their ICC permit number regardless of whether the driver is "bob-tailing" at the time of the accident.

In the case at bar, Pennsylvania's policy excluded coverage while Cambe was in the course and scope of his employment. When one examines the policy in its entirety, it becomes clear that it was the understanding and intent of the parties that as long as Underwood's insurer was liable, Pennsylvania would not be liable and that Pennsylvania's policy was strictly for the coverage of Cambe when he had left the coverage of Underwood's policy.

The McCaslins proceeded under the authority of *Rediehs* on the theory that Underwood was liable. When they received a judgment against Underwood in excess of the $2,000,000 policy limit, they turned their attention to Cambe's insurer, Pennsylvania, in an attempt to recover the $500,000 policy limit to further collect on their $3,750,000 judgment.

The Court of Appeals takes the position that inasmuch as Cambe was bob-tailing back to his home, the Pennsylvania policy limits also were collectible even though the McCaslins had successfully collected against Underwood's insurer. We cannot agree with this assessment of the situation. It does not appear to ever have been the intention of Pennsylvania to issue a policy to cover Cambe in the entire operation of his truck including the period of time it would be under Underwood's liability. It is obvious it was a policy to cover Cambe when he was not covered under his lease agreement, and the premiums were adjusted accordingly.

The McCaslins made their choice, which appears to be a correct choice, to proceed against Underwood. They tried their case on the theory that notwithstanding the fact Cambe had delivered the load for Underwood and was on his way to his home when the accident occurred, Cambe was within the course and scope of employment of Underwood and under the ruling case law, was responsible to the injured parties. Thus, by the McCaslins' choice, the law of the case has become that Underwood in fact was liable and collection was made accordingly. The Pennsylvania policy excluded coverage while Cambe was "in the business of" a third party. Having garnered the judgment against Underwood on the theory of *respondeat superior*, the McCaslins cannot now change this theory in order to collect such judgment against Pennsylvania.

There is a great deal of argument in this appeal concerning whether Cambe in fact was "bob-tailing" and what the exact nature of his relationship with Underwood was at the time of the accident. However,

we deem it to be unnecessary to make those decisions in the state of the case as we find it. By choice of the plaintiff, Underwood has become liable and has paid off the policy limit; thus, the policy issued by Pennsylvania to cover Cambe when he was not covered by Underwood's policy is not a factor in the payment of damages to the McCaslins.

We hereby grant transfer. The Court of Appeals opinion is set aside and the trial court is affirmed.

SHEPARD, C.J. and KRAHULIK, J., concur.

DeBRULER, J., dissents from this disposition. He would grant transfer and adopt the opinion of the Court of Appeals, First District.

DICKSON, J., dissents without separate opinion.